CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT MITCHELL OUELLETTE, ) | |
| Plaintiff, ) | Case No. 7:24-cv-00446 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| MIKE BAKER, et al., ) | Senior United States District Judge |
| Defendants. ) | |

### MEMORANDUM OPINION

Scott Mitchell Ouellette, a former inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Following his release from incarceration, Ouellette moved for leave to proceed in forma pauperis. That motion will be granted. For the following reasons, however, the court concludes that the case must be dismissed for failure to state a claim upon which relief may be granted.

### I.   Background

This action stems from criminal proceedings initiated against Ouellette in the Circuit Court of Lee County. State court records available online indicate that Ouellette was convicted of drug offenses in 2019. He received an active term of incarceration to be followed by a five-year term of supervised probation. See Commonwealth v. Ouellette, Nos. CR180F0127-02, CR180F0127-03, CR180F0127-04 (Lee Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last accessed Dec. 11, 2024).

Ouellette subsequently was convicted of a criminal offense in the State of Michigan for which he served an 18-month sentence. Am. Compl., ECF No. 56, at 2. Upon completing that sentence on June 5, 2024, Ouellette was arrested for violating the terms of his probation in

Lee County and brought back to Virginia, where he was held without bond at the Southwest Virginia Regional Jail in Duffield, Virginia. Id.; see also Commonwealth v. Ouellette, Nos. CR180F0127-05, CR180F0127-06, CR180F0127-07 (Lee Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last accessed Dec. 11, 2024).

Ouellette's amended complaint names as defendants Lee County Circuit Court Judge Tammy McElyea,* Lee County Deputy Commonwealth's Attorney Sarah Wynn, and Virginia State Police Officers Mike Baker and Tonya (no last name provided). Am. Compl. at 1. Ouellete claims that Baker and Tonya kidnapped him in violation of Virginia Code § 18.2-47 and "brought [him to Virginia] illegally." Id. at 2. Ouellette also claims that he was "re-charged" with criminal conduct for which he had already served time in Michigan and that he was "held without bond directly after serving a [sentence] for the exact same violation." Id. In his request for relief, Ouellette seeks to recover monetary damages from each defendant. Id. at 3.

## II.   Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

\* Judge McElyea's last name is misspelled in the amended complaint.

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

### III. Discussion

Ouellette filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is determined "person by person," a plaintiff must plead that each defendant, through the defendant's own individual actions, has violated the plaintiff's federal rights. King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023); see also Iqbal, 556 U.S. at 676.

Having reviewed Ouellette's amended complaint in accordance with the applicable law, the court concludes that it must be summarily dismissed. First, the doctrine of judicial immunity bars any claim against Judge McElyea. The Supreme Court has held that judges are

3

absolutely immune from suit for deprivation of civil rights brought under 42 U.S.C. § 1983, when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the clear absence of all jurisdiction." Id. at 356-57 (internal quotation marks omitted). Here, there is no plausible suggestion that Judge McElyea acted outside her judicial capacity or in the clear absence of all jurisdiction. Accordingly, she is entitled to absolute immunity.

Similarly, Wynn is entitled to "absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (quoting Imbler, 426 U.S. at 430). For instance, "[a] prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, decides to seek an arrest warrant, prepares and files charging documents, participates in a probable cause hearing, and presents evidence at trial." Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018). Thus, to the extent that Ouellette is suing Wynn for her role in initiating or prosecuting charges against him, she is entitled to absolute immunity.

4

Additionally, to the extent that the amended complaint asserts that the probation violation charges violate the Double Jeopardy Clause of the Fifth Amendment, it fails to state a claim upon which relief may be granted. "The Double Jeopardy Clause protects against multiple punishments for the same offense." United States v. Wiley, 93 F.4th 619, 632 (4th Cir. 2024) (internal quotation marks omitted). However, "a sentence imposed upon the revocation of probation . . . is not punishment for the conduct prompting the revocation, but rather, a modification of the original sentence for which the probation . . . was authorized." United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996). Thus, the Double Jeopardy Clause is not implicated when conduct that led to a conviction and sentence on new criminal charges also forms the basis for a revocation of probation. Id.; see also United States v. Clark, 984 F.2d 319, 320 (9th Cir. 1993) (explaining that "[t]he same actions by a probationer can lead to direct punishment and can also constitute the basis on which his probation for a prior offense is revoked") (internal quotation marks omitted). Moreover, "detention pending revocation of probation does not constitute punishment for double jeopardy purposes." Deihl v. McCash, 352 F. App'x 99, 101 (7th Cir. 2009).

Finally, the allegation that Baker and Tonya kidnapped Ouellette in violation of a state criminal statute fails to state a claim upon which relief may be granted. See Lewellen v. Metro. Gov't, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress . . . ."). Likewise, the vague and conclusory allegation that Ouellette was brought to Virginia illegally is insufficient to state a plausible claim for relief. See Iqbal, 556 U.S. at 678 ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders taken assertions devoid

5

of further factual enhancement.") (internal quotation marks and brackets omitted); see also Richardson v. Baker, No. 5:24-cv-00537, 2024 U.S. Dist. LEXIS 202631, at *4 (E.D.N.C. Nov. 7, 2024) ("[P]laintiff alleges that defendants unlawfully arrested him, but he makes such allegations in summary, conclusory fashion with no factual support. These claims do not pass muster.") (internal citation omitted).

### IV. Conclusion

For the foregoing reasons, the court concludes that Ouellette's amended complaint fails to state a claim against the named defendants. Accordingly, the case is **DISMISSED** without prejudice under 28 U.S.C § 1915(e)(2)(B)(ii). An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:30:16
-05'00'

Michael F. Urbanski
Senior United States District Judge